UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALBERT J. FIELDS, JR.,

    Plaintiff,

v.

DEPARTMENT OF THE NAVY,
BOARD FOR CORRECTION OF
NAVAL RECORDS,

    Defendant.

No. 1:22-cv-05241

**OPINION**

**APPEARANCES:**

**Albert J. Fields, Jr.**
101 Market Street, Apt. 311
Gloucester City, NJ 08030
(302) 468-0034

    *Pro Se.*

**Matthew Joseph Mailloux**
DOJ – USAO
970 Broad Street, Ste. 700
Newark, NJ 07102
(973) 645-2837

    *On behalf of Defendant.*

**O'HEARN, District Judge.**

This matter comes before the Court on cross Motions for Summary Judgement filed by Plaintiff Albert J. Fields ("Mr. Fields" or "Plaintiff"), (ECF No. 12), and Defendant the Department of the Navy, Board for Correction of Naval Records ("Defendant," the "Board," or the "BCNR"), (ECF No. 17). For following reasons, the Defendant's Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

## I.   BACKGROUND

This case arises from Plaintiff's multiple requests to the Board for Correction of Naval Records to upgrade the characterization of his discharge from the United States Marine Corps. According to the uncontested facts of this case, Plaintiff served in the Marines from September 28, 1973, until December 31, 1975. (Def. Statement of Mat. Facts, ECF No. 19, ¶ 1). Plaintiff began duty at Camp Lejeune, North Carolina on January 17, 1974. (ECF No. 19, ¶ 2). Between February and May of that year, Plaintiff received several non-judicial punishments for, among other things, insubordinate conduct and sleeping at his post. (ECF No. 19, ¶ 3). On June 5, 1974, Plaintiff threatened to a kill a lance corporal, resulting in a conviction under the Uniform Code of Military Justice. (ECF No. 19, ¶ 4–6). A Navy psychologist examined Plaintiff in connection with this conviction and found no evidence of psychiatric disorder. (ECF No. 19, ¶ 7). Accordingly, Plaintiff was discharged from the Marine Corps with a Bad-Conduct Discharge on December 31, 1975. (ECF no. 19, ¶ 8).

## II.   PROCEDURAL HISTORY

Plaintiff first applied to the BCNR to upgrade his discharge status in 1979. (ECF No. 19, ¶ 9). The Board denied this request on October 18 of that year. (ECF No. 19, ¶ 9). Over thirty-five years later, on August 6, 2015, Plaintiff again applied for a correction, alleging that high levels of

2

tetrachloroethylene ("PCE") in the water of Camp Lejeune caused psychiatric issues that resulted in his misconduct and subsequent discharge from the Marine Corps. (ECF No. 19, ¶ 9). Waiving the statute of limitations to consider this request on the merits, the Board determined that no evidence in the record showed Plaintiff suffered from any psychological condition that may have contributed to his behavior while on active duty. (ECF No. 19, ¶ 11). The Board rejected two subsequent requests in February 2017 and June 2018 because Plaintiff failed to submit any further evidence. (ECF No. 19, ¶ 12).

On July 10, 2021, Plaintiff submitted a fourth application to the BCNR requesting an upgrade of his discharge from a Bad-Conduct Discharge to a General Discharge, and also seeking removal of his non-judicial punishments and statutory bars to benefits. (ECF No. 19, ¶ 14). In response, the Board invited Plaintiff to submit evidence of a mental health condition. (ECF No. 19, ¶ 15). Plaintiff did not provide additional medical records and instead responded with a personal statement. (ECF No. 19, ¶ 16). A mental health advisory team reviewed Plaintiff's request for any indicia that Plaintiff's military service caused a psychological condition that contributed to his 1979 misconduct, and ultimately issued an advisory opinion finding none. (ECF No. 19, ¶ 18). Plaintiff submitted a rebuttal to the advisory opinion, but again provided no evidence to support his claim. (ECF No. 19, ¶ 19–20). The BCNR denied Plaintiff's request on January 18, 2022, finding that Plaintiff submitted insufficient proof to establish the existence of some error or injustice in his record. (ECF No. 19, ¶ 22).

Plaintiff commenced the present action seeking review of the Board's decision on August 23, 2022. (Pl.'s Compl., ECF No. 1). Plaintiff filed the Motion for Summary Judgment now before the Court on April 6, 2023. (ECF No. 12). Defendant filed the Response and cross-Motion for Summary Judgment now before the Court on June 1, 2023. (ECF No. 17). Plaintiff responded on

June 22, 2023, (ECF No. 22), and Defendant replied on July 20, 2023. (ECF No. 26).

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), courts may grant summary judgment when a case presents "no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When a party seeks review of an agency action under the [Administrative Procedure Act] . . . the entire case on review is a question of law." *Neto v. Thompson*, 506 F. Supp. 3d, 239, 244 (D.N.J. 2020) (quoting *Am. Biosci., Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)). Under the Administrative Procedure Act , a court may set aside an agency decision like the one at issue here only where the action is "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law." 5 U.S.C. § 706(2)(A); *Chappell v. Wallace*, 462 U.S. 296, 303 (1983).

### IV. DISCUSSION

Plaintiff asks this Court to overturn the Board's decision regarding his records, arguing that elevated levels of PCE in the Camp Lejeune water supply required the BCNR to reach a different result. (Pl.'s Compl., ECF No. 1). The Board argues that its decision cannot be overturned because it was not arbitrary, capricious, an abuse of discretion, or otherwise not in  accordance with the law. (Def.'s Mem. Law in Opp'n to Pl.'s Mot. Summ. J., ECF No. 17). The Court agrees with the Board and grants summary judgment.

Decisions by military record boards like the BCNR are "subject to judicial review and can be set aside only if . . . arbitrary, capricious, or not supported by substantial evidence." *Green v. Westphal*, 94 F. App'x. 902, 904 (3d Cir. 2004) (citing *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). "There is a strong presumption that the [Board] has discharged its duty faithfully." *Id.* (citing *Neal v. Sec'y of the Navy and Commandant of the Marine Corps*, 639 F.2d 1029, 1037 (3d

4

Cir. 1981)).

The Court finds no evidence in the administrative record that can overcome this presumption. Plaintiff asks this Court to infer from the presence of PCE in the water at Camp Lejeune that (1) the dangerous chemicals personally affected Plaintiff, (2) those chemicals caused some unidentified mental illness in Plaintiff, and (3) any such mental illness proximately caused misconduct and subsequent dismissal from the Marine Corps. As the Board repeatedly noted, Plaintiff provides no evidence to support this chain of causality. While the presence of PCE in the Camp Lejeune water supply is well-documented, nothing in the record suggests Plaintiff suffered a mental illness because of exposure to these chemicals. Nothing in the record suggests any mental illness might have contributed to Plaintiff's misconduct. And indeed, nothing suggests Plaintiff experienced any mental illness at all during his service in the Marine Corps. Without proof, the Board could not, and this Court cannot now infer a causal link between the presence of PCE in the water supply at Camp Lejeune and Plaintiff's 1975 misconduct and resultant discharge.

The Third Circuit reached a similar conclusion in *Green v. Westphal*. In that case, the Court determined that the Army Board for Correction of Military Records—the United States Army equivalent of the BCNR—did "not act arbitrarily and capriciously in refusing to upgrade [the plaintiff's] discharge from undesirable to honorable." *Green v. Westphal*, 94 F. App'x. 902, 904 (3d. Cir. 2004). The *Green* Court reached this decision because the administrative record in that case showed a clear basis for the plaintiff's discharge, and the plaintiff's "allegations of racial bias and improper and erroneous discharge procedures were not supported by any other evidence." *Id*. Like the record at issue in *Green*, the record in this case shows a clear basis for Mr. Fields's discharge—he incurred several non-judicial punishments and threatened to kill a lance corporal. And like the plaintiff in Green, Mr. Fields failed to provide evidence that could support a basis for

upgrading his discharge—he provides no proof of any mental illness caused by PCE.

The Court thus concludes that the Department of the Navy Board for Correction of Naval Records did not act arbitrarily and capriciously in refusing to upgrade Mr. Fields's discharge from a Bad-Conduct Discharge to a General Discharge. The Board is entitled to judgment as a matter of law, and the Court grants summary judgment.

## V.     CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendant the Department of the Navy, Board for Correction of Naval Records, (ECF No. 17), is **GRANTED**, and the Motion for Summary Judgment filed by Plaintiff Albert J. Fields Jr., (ECF No. 12), is **DENIED**. An appropriate order accompanies this Opinion.

*[Signature: Christine A. O'Hearn]*

**CHRISTINE P. O'HEARN**
**United States District Judge**